**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

 Plaintiff,

v.             Case No.  8:06-cv-1792-T-30MAP

**TACO BELL OF AMERICA, INC.,**

 Defendant.
_____/

## **ORDER**

 THIS CAUSE comes before the Court upon Defendant Taco Bell of America, Inc.'s Motion and Memorandum of Law in Support of Motion to Compel Arbitration and to Dismiss/Stay Intervening Plaintiff Brooks A. Stanley's Complaint (Dkt. #15), Plaintiff-In-Intervention's Response in Opposition to Defendant's Motion to Compel Arbitration and to Dismiss/Stay Plaintiff-In-Intervention's Complaint (Dkt. #17), and Plaintiff EEOC's Opposition to Defendant's Motion to Compel Arbitration and to Dismiss/Stay Intervening Plaintiff's Complaint (Dkt. #18).  The Court, having considered the motion, responses, memoranda, Amended Complaint (Dkt. #5), and Intervenor's Second Amended Complaint (Dkt. #13), and being otherwise advised in the premises, finds that Defendant's motion should be granted in part and denied in part as stated herein.

 Defendant, Taco Bell of America, Inc. ("Taco Bell"), requests that the Court issue an order compelling Plaintiff, U.S. Equal Employment Opportunity Commission (the "EEOC"),

to submit to binding arbitration, or in the alternative, dismiss Mr. Stanley's Florida Civil Rights Act claim and/or stay his action in this Court pending arbitration. Defendant argues that the EEOC is bound to arbitrate its claims pursuant to a written "Agreement to Arbitrate" executed by Taco Bell and Plaintiff-In-Intervention Brooks A. Stanley ("Mr. Stanley" or "Plaintiff-In-Intervention").

The EEOC and Mr. Stanley oppose Taco Bell's motion to compel arbitration and argue that the EEOC is not subject to arbitration because the EEOC was not a party to the arbitration agreement. Furthermore, the EEOC did not issue a Right to Sue letter to Mr. Stanley, thus Mr. Stanley does not have standing to bring an independent cause of action on his own behalf.

The Supreme Court has already answered the question of whether an arbitration agreement between an employer and employee bars the EEOC from pursuing victim-specific relief, such as backpay, reinstatement, and damages in an enforcement action brought by the EEOC. See EEOC v. Waffle House, Inc., 534 U.S. 279 (2002). In Waffle House, the Supreme Court held that an arbitration agreement between the employer and employee is not binding on the EEOC; and therefore, the EEOC is not barred from pursuing victim-specific relief on behalf of such employee. Waffle House at 294. In Waffle House, the Supreme Court recognized that the employee has no independent cause of action if the EEOC files suit on its own. Id. at 291. Additionally, an intervenor is foreclosed from filing his own lawsuit until he receives a Right to Sue from the EEOC. See 42 U.S.C. §2000e-5(e) and 5(f)(1).

In harmony with the Supreme Court's holding in Waffle House, the Court concludes that the EEOC should not be compelled to participate in arbitration based on the arbitration agreement by and between Mr. Stanley and Taco Bell. Further, Mr. Stanley should not be compelled to attend arbitration in this matter, since he currently lacks the right to bring an independent cause of action under Title VII.

As a Plaintiff-In-Intervention, the Court hereby limits Mr. Stanley's participation in this case, as follows: Plaintiff-In-Intervention may monitor the proceedings to ensure that the EEOC obtains an award benefitting Mr. Stanley; Plaintiff-In-Intervention shall not actively prosecute this case, or introduce issues which are outside the scope of the issues of the main suit filed by the EEOC (such as claims under the Florida Civil Rights Act)[1]; and, if Plaintiff-In-Intervention becomes dissatisfied with the prosecution of this case by the EEOC, then Plaintiff-In-Intervention may bring such grounds for dissatisfaction to the attention of the Court. To the extent Plaintiff-In-Intervention seeks to incorporate a cause of action under the Florida Civil Rights Act within the Intervenor's Second Amended Complaint, such claims should be dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Taco Bell of America, Inc.'s Motion and Memorandum of Law in Support of Motion to Compel Arbitration and to Dismiss/Stay Intervening

---

[1] If Mr. Stanley desires to bring an independent action against Taco Bell under the Florida Civil Rights Act, then such action would be subject to arbitration between Mr. Stanley and Taco Bell.

Plaintiff Brooks A. Stanley's Complaint (Dkt. #15) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Plaintiff-In-Intervention's claims under the Florida Civil Rights Act are dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2007.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1792.mt to compel arbitr 15.wpd