**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                      Case No.  8:06-cv-1792-T-30MAP

TACO BELL OF AMERICA, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff-In-Intervention Brookes A. Stanley's Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendant's Motion to Compel Arbitration and to Dismiss/Stay Intervening Plaintiff Brookes A. Stanley's Complaint and/or in the Alternative, Motion for Clarification (Dkt. #22), and Defendant Taco Bell of America, Inc.'s Memorandum in Opposition to Plaintiff-In-Intervention's Motion for Reconsideration (Dkt. #26).  This Court, having considered the motion, responses and memoranda, and being otherwise advised in the premises, finds that Plaintiff-In-Intervention's motion is denied.[1]

## DISCUSSION

Plaintiff-In-Intervention ("Intervenor") requests that this Court specifically rule as to whether the arbitration provision in Defendant's employment application is unconscionable.

---

[1] On February 27, 2007, during a hearing regarding Plaintiff-In-Intervention's motion to reconsider, this Court declined to reconsider its Order limiting Intervenor's participation in this action to that of a monitor and dismissing Intervenor's Florida Civil Rights Act claims.  During the hearing, this Court also clarified Intervenor's role as monitor in this action.

The Supreme Court has held that a federal court may adjudicate a claim that relates specifically to the making of an agreement to arbitrate. Buckeye Check Cashing, Inc. v. Cardegna 126 S.Ct. 1204, 1208 (2006); Prima Paint Corporation v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-404 (1967). Furthermore, in Chastain v. The Robinson-Humphrey Company, Inc., 957, F.2d 851, 854-856 (11th Cir. 1992), the Eleventh Circuit held that if the validity of an agreement to arbitrate is at issue, a district court rather than an arbitration panel must decide if the arbitration provision is enforceable against the parties. Whether the arbitration provision is unconscionable is a question of state law. Perry v. Thomas, 482 U.S. 483, 492 n. 9 (1987); Doctor's Associate's, Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

Under Florida law, Intervenor has the burden of establishing that the arbitration provision at issue is procedurally and substantively unconscionable. Murphy v. Courtesy Ford, LLC, 644 So.2d 1131, 1134 (Fla. 3d DCA 2006). A determination of procedural unconscionability relates to the manner in which a contract was made and requires consideration of the relative bargaining power of the parties and their ability to understand the relevant terms. Orkin Extermination Company, Inc. v. Francis D. Petch, 872 So.2d 259, 265 (Fla. 2d DCA 2004). In making a determination of procedural unconscionability, courts consider whether the complaining party had a realistic opportunity to bargain, whether the terms were presented on a "take-it-or leave-it" basis, and whether such party had a reasonable opportunity to understand the contract terms. Murphy, 644 So. 2d at 1134. Substantive unconscionability relates to the agreement itself, and requires a showing that the terms of the agreement or provision are unreasonable and unfair. Powertel v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). In determining whether an agreement or provision is substantively unconscionable, courts consider whether the disputed terms limit available remedies, exclude

punitive damages, prevent equitable relief, impose substantial costs, or lack mutuality of obligation with respect to the arbitration of disputes. <u>Palm Beach Motor Cars Limited, Inc. v. Jeffries</u>, 885 So.2d 990, 992 (Fla. 4th DCA 2004). According to Florida's Second District Court of Appeal, such terms must be "so outrageously unfair" as to "shock the judicial conscience." <u>Bland ex rel. Coker v. Health Care and Retirement Corp. of America</u>, 927 So. 2d 252, 256.

Florida courts have enforced arbitration provisions similar the disputed provision in the instant case. In <u>Murphy</u>, the court held that an arbitration provision in an automobile purchase contract was not procedurally unconscionable where the complaining party signed the agreement containing the arbitration provision without reading it, the provision appeared in the same type face as the rest of the contract, and the purchaser/plaintiff presented no evidence that the seller/defendant discouraged the plaintiff from knowing or understanding the disputed terms. 944 So. 2d at 1135; <u>see also</u> <u>Orkin</u>, 872 So. 2d at 265 (holding an arbitration provision in a termite extermination contract was not procedurally unconscionable and not an adhesion contract where the provision was not buried in fine print and the complaining party could have obtained termite services for his home without acquiescing to the exterminator's terms). The court in <u>Murphy</u> noted that a party to a contract is not "permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous . . . to sanction such a result would be to render contracts worthless as a tool of commerce." <u>Id.</u> (citing <u>Gainesville Health Care Ctr., Inc. v. Weston</u>, 857 So.2d 278, 288 (Fla. 1st DCA 2003)). As to substantive unconscionability, the court in <u>Orkin</u> held that an arbitration provision was not substantively unconscionable where

it did not preclude the complaining party from raising his statutory claims in arbitration and did not limit statutory damages available. 872 So. 2d at 265.

Florida courts have held arbitration provisions to be procedurally and substantively unconscionable. In Palm Beach Motor Cars Limited, Inc. v. Jeffries, 885 So.2d 990, 991 (Fla. 4th DCA 2004), the plaintiff signed an automobile purchase agreement that contained an arbitration clause on the back page. The arbitration clause included a blank space for purchasers to initial. Despite fine print on the front page of the agreement referring to terms on the back page of the agreement, the plaintiff was not aware the agreement included a back page and did not initial the arbitration provision. Id. Based on the small size of this print, the lack of the plaintiff's initials under the arbitration provision, and the customary practice of the defendant's employees to not draw customers' attention to the back page of the agreement, the court held that the provision was procedurally unconscionable, finding that the defendant had actively discouraged the plaintiff from understanding the contract terms. Id. at 992, 993; see also Powertel v. Bexley, 743 So.2d at 575 (Fla. 1st DCA 1999) (holding an arbitration clause in a cellular service agreement procedurally unconscionable and noting an absence of meaningful choice on the part of the consumer where the arbitration clause was prepared by the service provider, was not signed by its customers, and was circulated to its customers along with their monthly bill). The court in Jeffries went on to hold that the disputed arbitration provision was substantively unconscionable because it bound only the plaintiff to arbitrate all disputes. Id. at 992; see also Powertel 743 So. 2d at 576 (holding arbitration clause to be substantively unconscionable where such clause limited defendant/service provider's liability to actual damages and precluded punitive damages).

The arbitration provision in Intervenor's employment application, unlike the arbitration provisions in <u>Jeffries</u> and <u>Powertel</u>, is located directly above Intervenor's signature. While Intervenor argues that the print used for the arbitration clause is smaller than the print used for other portions of the application, the print used for the clause is actually in bold and appears to be no smaller than the print on the remainder of the page. Moreover, Intervenor had the opportunity to read the application and the arbitration provision. He has not alleged that Defendant concealed the arbitration provision or otherwise discouraged him from understanding the disputed terms. Thus, Intervenor has failed to support a claim of procedural unconscionability.

As both procedural and substantive unconscionability are required under Florida law to invalidate an arbitration provision, this Court need not decide whether the arbitration provision was substantively unconscionable. <u>Murphy</u> 944 So.2d at 1135. Nevertheless, some Florida courts have applied a balancing test to the unconscionability analysis whereby if a great degree of substantive unconscionability exists and some quantum of procedural unconscionability exists, the contract or provision is held to be unenforceable. See <u>Orkin</u> 872 So. 2d at 265. Therefore, a discussion of substantive unconscionability is merited in this case.

Intervenor has failed to support a claim of substantive unconscionability. Intervenor's claim that the arbitration provision lacks mutuality of obligation in that it does not bind Defendant to arbitration is without merit. The arbitration provision clearly imposes a duty to arbitrate on both Defendant and Intervenor and does not limit damages against Defendant. Moreover, while Intervenor argues that the arbitration provision is unfair because Intervenor will incur greater expenses in the arbitral forum, the arbitration provision requires

Defendant to pay both the arbitrator's fees and the portion of the arbitration filing fee in excess of a similar court filing fee. As the arbitration provision is neither unreasonable nor unfair, Intervenor has failed to establish that the arbitration provision is substantively unconscionable.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff-In-Intervention Brookes A. Stanley's Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendant's Motion to Compel Arbitration and to Dismiss/Stay Intervening Plaintiff Brookes A. Stanley's Complaint and/or in the Alternative, Motion for Clarification (Dkt. #22) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1792.reconsider 19.wpd